**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Galvez,<br><br>    Plaintiff,<br><br>vs.<br><br>Valley Capital Bank, N.A., XYZ Corporation, Federal Insurance Deposit Corp., a federal agency in its capacity as Receiver for Valley Capital Bank, N.A.,<br><br>    Defendants. | No. CV-10-1602-PHX-GMS<br><br>**ORDER** |

Pending before the Court are the following motions: (1) Motion to Dismiss filed by the Federal Deposit Insurance Corporation ("FDIC") (Doc. 29); (2) Motion for Enlargement filed by Joe Galvez (Doc. 32); and (3) Motion for Leave to File A Sur-Reply filed by Galvez (Doc. 36).

**BACKGROUND**

The first amended complaint alleges the following. In January 2009, Galvez ("Plaintiff"), entered into employment with Valley Capital Bank ("VCB") as a Business Development Officer ("BDO"). (Doc. 21). Plaintiff's employment agreement, executed on January 5, 2009, included a compensation program that provided that Plaintiff, as BDO, would receive a commission of 40% for the commercial loans he "closed" and "fully funded." In early 2009, Plaintiff received commissions of 40% for the three funds he closed

1  and fully funded in accordance with his agreement with VCB. However, in September and
2  October of 2009, prior to his termination, Plaintiff closed and fully funded three loans, and
3  VCB allegedly reneged on their obligation to pay Plaintiff his 40% commission. As of the
4  date of the complaint, in which he alleges this failure together with race and national origin
5  discrimination and other unspecified torts, Plaintiff alleges that VCB has refused to pay him
6  the commissions due for these loans, totaling $59,636.15.

7  On December 11, 2009, the Office of Controller of the Currency closed VCB and
8  appointed the FDIC as VCB's Receiver. On February 25, 2010, Plaintiff submitted a Proof
9  of Claim Form with the FDIC based upon the allegations contained in Plaintiff's first
10 amended complaint. On May 20, 2010, the FDIC issued a Notice advising Plaintiff of the
11 disallowance of his claim. On July 29, 2010,[1] Plaintiff filed this lawsuit against VCB and the
12 FDIC, asserting claims for 1) breach of written contract; 2) violation of Arizona wage law;
13 3) misrepresentation; 4) violation of covenant of good faith and fair dealing; and 5) violation
14 of the Civil Rights Act. Plaintiff further asserts two counts seeking judicial review of the
15 FDIC's disallowance of his claim. Specifically, count six seeks de novo review of claims set
16 forth by Plaintiff in his Proof of Claim form with the FDIC. Count seven requests a
17 declaration that the FDIC-Receiver's disallowance is void.

18 In response to Plaintiff's complaint, the FDIC filed a Motion to Dismiss all the claims
19 for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1) and counts six and
20 seven for the additional failure to state a claim pursuant to Rule 12(b)(6). (Doc. 29).[2] Plaintiff
21 responded by filing a Motion for Enlargement and a Motion for Leave to File A Sur-Reply.
22 (Doc. 32, 36).

---

[1] Plaintiff admits in his response that his original complaint was filed past the statute of limitations. (Doc. 32). Plaintiff states that he failed to file the complaint on time because he inaccurately determined the date of the proper filing deadline, and because he was involved in related state court proceedings with the FDIC. *Id*.

[2] Since the Court is deciding this motion on the basis of the 12(b)(1) motion, it is not necessary to discuss FDIC's 12(b)(6) claim with respect to counts six and seven.

- 2 -

**DISCUSSION**

**I.     Motion To Dismiss**

    **A.     Legal Standard**

"The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In effect, the court presumes lack of jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the court. *See* FED. R. CIV. P. 12(h)(3). A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979).

In resolving the former motion, a "facial attack" under Rule 12(b)(1), the district court must accept the allegations of the complaint as true. *See Federal Civil Procedure Before Trial* § 9:84, at 9-20 (citing *Valdez v. United States*, 837 F. Supp. 1065, 1067 (E.D. Cal. 1993), *aff'd*, (9th Cir. 1995)). Unlike a Rule 12(b)(6) motion, however, the court will not reasonably infer allegations sufficient to support federal subject matter jurisdiction because a plaintiff must affirmatively allege such jurisdiction. *Id.* § 9:84a, at 9-20.

    **B.     Analysis**

        **1.     Counts one through five**

The Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") establishes that the FDIC may act as a receiver for failed financial institutions to settle the claims against the failed institution. *See* 12 U.S.C. §1821(d)(3)-(13). FIRREA mandates that the FDIC "promptly publish a notice to the depository institution's creditors to present their claims . . . to the receiver by a date specified in the notice" when it takes over as receiver. §1821(d)(3)(B)(i). Once a claim is filed, the FDIC may allow or disallow the

1   claim and must notify the claimant of its determination. *See* §1821(d)(5)(A)(i). A claimant
2   may seek either administrative review or file a lawsuit on a disallowed claim. *See*
3   §1821(d)(6)(A). The claimant must seek administrative review or file suit within 60 days of
4   the date of the notice of disallowance or the statute of limitations of the claim will run and
5   "the claimant shall have no further rights or remedies with respect to such claim."
6   §1821(d)(6)(B).

7        In the instant case, Plaintiff concedes that he filed his suit past the time allowed by the
8   statute of limitations under 12 U.S.C. §1821, but he requests that this Court retroactively
9   enlarge the time allotted to file suit. (Doc. 32). The FDIC argues that Plaintiff's claim is
10  barred because this Court lacks subject matter jurisdiction over a time-barred claim under 12
11  U.S.C. §1821. (Doc. 29).

12       As Receiver for Valley Capital Bank, the FDIC has authority to determine claims in
13  accordance with the requirements set forth by Congress. *See* 12 U.S.C. §1821(d)(3)(A). The
14  FDIC received Plaintiff's claim on February 25, 2010 and disallowed it pursuant to
15  §1821(d)(5)(D) in a timely manner on May 20, 2010. (Doc. 1). The FDIC had broad
16  authority to deny Plaintiff's claim. *See* §1821(d)(5)(D)(i) ("The receiver may disallow any
17  portion of any claim by a creditor or claim of security, preference, or priority which is not
18  proved to the satisfaction of the receiver."). The statute further states that "no court may
19  review the Corporation's determination to . . . disallow a claim." §1821(d)(5)(E). The FDIC
20  used its broad discretion to initially disallow Plaintiff's claim, but Plaintiff had the ability to
21  file a lawsuit protesting the FDIC's disallowance of his claim. *See* §1821(d)(6)(A) ("the
22  claimant may request administrative review of the claim . . . or file suit on such claim . . . in
23  the district . . . of the United States . . . and such court shall have jurisdiction to hear such
24  claim"). Plaintiff did not file suit before the statute of limitations ran on his claim because
25  Plaintiff waited 69 days (May 20, 2010 - July 29, 2010) after "the date of any notice of
26  disallowance of such claim" to file his claim, and the statute of limitations ran after 60 days.
27  (Doc. 1). The statute further provides that if a claimant fails to file a request for
28  administrative review or to file suit before the end of the 60-day period "such disallowance

- 4 -

1 shall be final and the claimant shall have no further right or remedies with respect to such
2 claim". §1821(d)(6)(B)(ii). Plaintiff asserts that he was only five days late in filing his
3 lawsuit against the FDIC because he did not receive notice of the disallowance of his claim
4 until May 25, 2010. However, "[t]he date of the notice of disallowance, not the date that
5 notice is mailed or received commences the 60 day period." *Jette v. Orange Cnty. Fin., Inc.*,
6 2009 WL 5029562, *3 (E.D. Cal. Dec. 15, 2009) (quoting *Yumukoglu v. Resolution Trust*
7 *Corp.*, 1992 WL 236939, *1 (E.D. La. Sept. 1, 1992)).

8          Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's claim
9 because the statute places a jurisdictional bar over claims brought more than 60 days after
10 the notice of disallowance. *Jette*, 2009 WL 5029562, *3 ("Plaintiffs' failure to act within the
11 sixty day statutory time period is fatal to their . . . claim."); *see also Intercontinental Travel*
12 *Mktg., Inc. v. FDIC*, 45 F.3d 1278, 1284 (9th Cir. 1994) (citing *Marquis v. FDIC*, 965 F.2d
13 1148, 1154–55 (1st Cir. 1992 )) ("The district court technically does not lose jurisdiction
14 over the case until the claimant fails to file a timely administrative claim."). In
15 *Intercontinental Travel Marketing*, the Ninth Circuit explicitly states that the courts do not
16 have subject matter jurisdiction when the statute of limitations runs on a claimant in
17 FIRREA. 45 F.3d at 1284 ("Our reading of FIRREA indicates . . . the claims bar date to be
18 a jurisdictional requirement.").

19          Plaintiff asserts four reasons the Court should grant Plaintiff's retroactive Motion for
20 Enlargement. (Doc. 32). Plaintiff first argues that federal courts have permitted enlargement
21 of FIRREA time deadlines. (Doc. 32). Plaintiff relies on *Carpenter v. FDIC* to establish that
22 this Court may assume subject matter jurisdiction by expanding FIRREA's statute of
23 limitations. 205 B.R. 600 (B.A.P. 9th Cir. 1997) (citing *In Re Parker North Am. Corp.*, 24
24 F.3d 1145, 1151–54 (9th Cir. 1994)). However, the precise holding of *Carpenter* is that "the
25 FIRREA administrative claim procedures and jurisdictional bar are inapplicable to
26 affirmative defenses . . . that arise incidentally to the bankruptcy court's determination of a
27 claim against the debtor." *Id*. Unlike *Carpenter*, it is undisputed that the administrative
28 claims procedures of §1821(d), including the relevant statute of limitations, apply to the

1 claims asserted by Plaintiff. Plaintiff further relies on *Franklin Financial v. RTC*, 53 F.3d 268
2 (9th Cir. 1995), to show that FIRREA time deadlines can be enlarged. *Franklin* is
3 distinguishable from the present case because the reason the court expanded the deadline in
4 that case was because the time deadline was based on vague language ("reasonable period")
5 as opposed to the unambiguous language of FIRREA in the present case ("sixty days"). *Id*.
6 at 271–72.

7 Plaintiff's next argument is that federal rules regarding time limits should be liberally
8 construed. (Doc. 32). Plaintiff relies on Tenth Circuit case law holding that a plaintiff could
9 file a notice of appeal one day late because the thirtieth day fell on a state holiday, and the
10 plaintiff was prevented from filing on time because although the clerk's office was
11 technically supposed to be open, it was in fact locked and unattended. *Prudential Oil & Co.*
12 *v. Hamlin*, 261 F.2d 626, 627 (10th Cir. 1958). The circumstances in the present case (filing
13 complaint nine days late because a similar matter was pending in state court) does not
14 warrant liberal construal of the filing deadline.

15 Plaintiff further argues that the Court is allowed discretion to grant the Motion for
16 Enlargement because Plaintiff's conduct constituted excusable neglect. (Doc. 32). The Court
17 cannot exercise its discretion in this case because Plaintiff's claims are barred for want of
18 subject matter jurisdiction. *See Intercontinental Travel Mktg., Inc.* 45 F.3d at 1286. Plaintiff
19 asserts excusable neglect based on his claim that "the factual mistake was caused by
20 confusion involving the pending state court action pertaining to Plaintiff's claim." (Doc. 32).
21 Plaintiff essentially admits to misunderstanding or not knowing the relevant law, neither of
22 which constitutes excusable neglect. *See Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir.
23 2004).

24 Plaintiff's final argument is that equitable tolling should apply to this case. (Doc. 32).
25 Equitable tolling requires a higher burden ("extraordinary" circumstances) than "garden
26 variety . . . excusable neglect." *Holland v. Florida*, 130 U.S. 2549, 2564 (2010) (finding that
27 attorney failing to file death row inmate's federal petition despite repeated letters citing
28 applicable legal rules constituted "extraordinary" circumstances justifying equitable tolling).

1  Plaintiff does not claim any extraordinary circumstances that prevented him from filing a
2  timely suit.

3  Plaintiff fails to meet its burden of proving that this Court has subject matter
4  jurisdiction over its claim; thus, this Court cannot exercise its discretion in enlarging,
5  liberally construing, or equitably tolling FIRREA's statute of limitations because subject
6  matter jurisdiction limits are not subject to these equitable defenses. *Holland*, 130 U.S. at
7  2560 (noting that non-jurisdictional limitations periods may be subject to equitable defenses
8  as opposed to jurisdictional limitations that "set forth 'an inflexible rule requiring dismissal
9  whenever' its 'clock has run.'") (quoting *Day v. McDonough*, 547 U.S. 198, 205 (2006)); *see
10 also Intercontinental Travel Mktg., Inc.* 45 F.3d at 1286 (ruling that neither waiver nor
11 estoppel are sufficient defenses for overcoming the court's lack of subject matter
12 jurisdiction).

### 2.    Counts six and seven

14 In addition to the claims asserted in counts one through five, counts six and seven
15 allege separate causes of action seeking judicial review of the FDIC's §1821(d)(5)(D)
16 disallowance of his claim. Count six of Plaintiff's first amended complaint alleges that this
17 Court has *de novo* jurisdiction to review the denial of a claim made by the FDIC as Receiver.
18 (Doc. 21). However, FIRREA clearly provides that "[n]o court may review the Corporation's
19 determination pursuant to subparagraph (D) to disallow a claim. 12 U.S.C. §1821(d)(5)(E).
20 Given that the FDIC's determination was made pursuant to subparagraph (D), the Court lacks
21 jurisdiction to review the disallowance of Plaintiff's claim.

22 Count seven of Plaintiff's First Amended Complaint asserts that the FDIC-Receiver's
23 disallowance should be declared void because it disallowed Plaintiff's proof of claim without
24 any meaningful explanation as required by the statute. (Doc. 21). "If any claim . . . is
25 disallowed, the notice to the claimant shall contain . . . a statement of each reason for the
26 disallowance." *Id*. at §1821(d)(5)(iv)(I). Similar to count six, the Court lacks jurisdiction to
27 declare as void the FDIC's disallowance of Plaintiff's claim, which is, in effect a request for
28 this Court to review the disallowance. *See* §1821(d)(5)(E). Plaintiff fails to provide authority

1  suggesting that FDIC's lack of a meaningful explanation for its disallowance of Plaintiff's
2  claim grants this Court subject matter jurisdiction over the case. FIRREA provides that the
3  FDIC had broad authority to disallow Plaintiff's claim. §1821(d)(5)(D)(i). Plaintiff had the
4  opportunity to challenge the FDIC's disallowance of his claim, but he failed to seek
5  administrative review or file suit within the statutorily mandated time frame. *See*
6  §1821(d)(6)(B). Thus, "[n]o court may review the Corporation's determination . . . to
7  disallow a claim." §1821(d)(5)(D).

8  In its response to Defendant's Motion to Dismiss counts six and seven of its
9  complaint, Plaintiff asserts that *Sharpe v. FDIC*, 126 F.3d 1147 (9th Cir. 1997), provides an
10 applicable exception to the jurisdictional bar. *Sharpe* held that the FDIC could be liable for
11 causing a breach of a pre-receivership contract that Plaintiff had entered into with a failed
12 bank. *Id.* at 1155. However, *Sharpe* also established that the exception to the §1821(j)
13 jurisdictional bar only applies where FIRREA limits the FDIC's authority to act. *Id*. Again,
14 FIRREA grants the FDIC broad power to disallow claims and does not limit the FDIC's
15 discretion to disallow claims. §1821(d)(5)(D)–(E). Thus, the exception to the jurisdictional
16 bar does not apply here because FDIC acted within its authority as laid out in FIRREA.
17 §1821(d)(3)-(13). Plaintiff had a contract with VCB, and the FDIC, in its capacity as
18 receiver, exercised its authority properly in disaffirming this contract. *See* §1821(e)(1); (Doc.
19 21). Accordingly, the Court lacks subject matter jurisdiction to review or to declare void the
20 FDIC's Notice of Disallowance.

21 **II.    Motion for Leave to File A Sur-Reply**

22 Arizona Local Rule of Civil Procedure 7.2 generally does not allow sur-replies.
23 Plaintiff's Motion for Leave does not provide a compelling reason, sufficient under the Local
24 Rules, to allow a sur-reply. Plaintiff's sur-reply relies on the Supreme Court holding in
25 *Holland*, decided in June 2010. 130 U.S. at 2561–62 (holding that non-jurisdictional
26 limitations statutes are subject to equitable tolling in extraordinary circumstances). This case
27 was available to Plaintiff at the time of his response (filed January 14, 2011). Nevertheless,
28 the case does not change the outcome of this Court's decision. Thus, Plaintiff has no

compelling reason for filing a sur-reply.

**IT IS THEREFORE ORDERED**:

1. Defendant FDIC's Motion to Dismiss (Doc. 29) is **GRANTED**;

2. Plaintiff's Motion for Enlargement (Doc. 32) is **DENIED**; and

3. Plaintiff's Motion for Leave to File A Sur-Reply (Doc. 36) is **DENIED**.

4. The Clerk of the Court is directed to terminate this action.

DATED this 28th day of June, 2011.

*G. Murray Snow*
United States District Judge